IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SARA RANA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil No.  3:21-CV-0820-E |
| v. | § | |
| | § | |
| UT SOUTHWESTERN MEDICAL | § | **FILED UNDER SEAL** |
| CENTER , et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion for Temporary Restraining Order and Application for Preliminary Injunction.  (Doc. 17).  For reasons that follow, the Court concludes Plaintiff is not entitled to emergency or preliminary injunctive relief.

Plaintiff Sara Rana is a medical student at UT Southwestern Medical Center (UTSW).  She is also under the care of UTSW faculty and staff for mental health problems that began in 2018.  She brings two claims against UTSW and its Dean, W.P. Andrew Lee M.D., in his official capacity—discrimination in violation of the Americans with Disabilities Act (ADA) and violation of the Rehabilitation Act.  As alleged in her amended complaint, Plaintiff has successfully completed the first two years of UTSW's curriculum.  UTSW requires its students to take and pass Step 1 of the United States Medical Licensing Examination (USMLE) at the end of their second year.  The Step 1 exam is designed to measure basic science knowledge.  The Student Performance Committee (SPC) adopted policies regarding the passage of the USMLE.  These policies include a six-week prep course for the Step 1 exam.  No more than one two-week extension will be considered by the Step 1 prep course director.  Petitions for additional time must be made to the

1

SPC.  Students must sit for the Step 1 exam during their scheduled preparation period.  Students who fail the exam must meet with an Associate Dean for Student Affairs to develop a schedule and plan to retake and pass the exam.  Under most circumstances, the student will be allowed to complete the clerkship in which she is currently enrolled, but will be removed from participating in future clerkships/rotations until the student registers and sits for the failed exam again.  Should a student fail a second time, she will be removed from coursework and reviewed by the SPC.  Any of the following will result in immediate review by the SPC and possible action, up to and including dismissal:  (1) a student fails to sit for any USMLE exam by their deadline; (2) a student is unable to pass any USMLE exam within 1 year from the last date of their scheduled test prep period for USMLE Step I; and (3) a student is unable to pass any USMLE exam in 2 attempts.  Students seeking modifications of these policies due to medical condition or disability must submit a request for accommodation.

Plaintiff's scheduled Step 1 exam prep period began at the end of January 2020, with an exam date of March 20, 2020.  Due to the Covid-19 pandemic, the exam was postponed and rescheduled for July 2020.  As the exam approached, Plaintiff's mental health deteriorated.  She requested accommodations pursuant to the ADA and Rehabilitation Act, but UTSW denied the request.[1]  She was forced to sit for the exam and failed it.  UTSW ultimately granted Plaintiff medical leaves of absence.  But she was still required to prepare and sit for the Step 1 exam.

In November 2020, Plaintiff transferred her care to a psychiatry professor at UTSW.  He found that she had been misdiagnosed; his diagnosis was "Major depressive disorder, single episode, severe with psychotic features."  He began administering appropriate medication.  By late January

---

[1] UTSW alleges it gave Plaintiff a two week extension in early July 2020 after speaking with Plaintiff's health care professional.

of 2021, Plaintiff's doctor reported that she continues to show gradual and progressive improvement, but noted she would require extension of her medical leave.

In March 2021, UTSW denied Plaintiff's request to extend her medical leave, for an extension of the Step 1 exam deadline, and her request to retake the second year of medical school. After Plaintiff filed this action in April 2021, UTSW agreed to give her until June 29, 2021 to take the Step 1 exam. Plaintiff's treating psychologist later recommended that she postpone sitting for that exam "due to the negative effect this stressor will have on her overall recovery." Plaintiff notified school representatives that she postponed the exam and rescheduled for September 28, 2021. On August 4, 2021, the SPC at UTSW will consider Plaintiff's status as a student. If she is dismissed from UTSW, she will be ineligible to sit for the September Step 1 exam. Plaintiff alleges her chances of being accepted to another medical program will be substantially diminished and her "life-long plans and efforts toward a career in medicine" will be "irreparably harmed."

Plaintiff alleges that she is disabled as defined by the ADA. She suffers from a mental impairment that substantially limits one or more major life activities. She alleges she is qualified to remain a UTSW student. Plaintiff alleges UTSW failed to provide her with a reasonable accommodation as requested by her and recommended by UTSW's own faculty. She has or will face punishment by UTSW solely due to her disability. She also alleges she received disparate treatment as she is aware of other students who were granted to ability to retake a portion of school or received extensions of USMLE deadlines. She makes similar allegations under the Rehabilitation Act. Plaintiff seeks to enjoin UTSW from taking any action with regard to her status as a student until she has had the opportunity to retake the Step 1 exam in September 2021,

Step 1 grades have been distributed, and she is able to resume her studies, or until she has been allowed to retake the second year curriculum and then retake the Step 1 exam.[2]

A party seeking a TRO or a preliminary injunction must prove the following elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the court does not grant the requested relief; (3) that the threatened injury outweighs any harm that will result if the injunction is granted; and (4) that the grant of injunctive relief will not disserve the public interest. *Trottie v. Livingston*, 766 F.3d 450, 452 (5th Cir. 2014). Injunctive relief is considered an extraordinary remedy, to be granted only when the movant has clearly carried the burden of persuasion on all four requirements. *MWK Recruiting Inc. v. Jowers*, 833 Fed. App'x 560, 562 (5th Cir. 2020).

Both the ADA and the Rehabilitation Act prohibit discrimination against qualified individuals with disabilities. *Kemp v. Holder*, 610 F.3d 231, 234 (5th Cir. 2010). To prevail on her ADA claim, Plaintiff must prove she is: (1) an individual with a disability, (2) otherwise qualified for the program, and (3) excluded from, denied the benefits of, other otherwise subjected to discrimination under the program by reason of a disability. UTSW does not contest that Plaintiff is an individual with a disability. It does contest the other two elements.

UTSW asserts it has granted Plaintiff at least five extensions. It argues Plaintiff is unlikely to prevail on her ADA claim because she cannot establish that she is "otherwise qualified" for the medical school program at UTSW. To be "otherwise qualified" for a postsecondary education program, an individual with a disability must satisfy the program's essential requirements, with or

---

[2] Plaintiff requests an expedited hearing on her application for preliminary injunction. The Court denies the request for a hearing as there are no material factual disputes regarding the facts necessary to resolution of the preliminary injunction.

4

without the aid of reasonable accommodations. *Shaikh v. Texas A&M Univ. College of Medicine*, 739 Fed. App'x 215, 220 (5th Cir. 2018). A requirement is essential if the nature of the program would be fundamentally altered without it. *Id.*

The Court agrees that Plaintiff has failed to demonstrate that she has a substantial likelihood of success on the merits on either of her two claims. Plaintiff has been unable to satisfy the essential requirements of UTSW's program with or without the aid of reasonable accommodations. According to the declaration of UTSW's Associate Dean for Student Affairs and Dean of Medical Students, Angela Mihalic, the goal of the school's curriculum is to advance qualified students toward the independent and competent practice of medicine. Students may not repeat courses or academic terms when they have successfully completed them. Repeating an academic term in this manner would fundamentally alter the school's curriculum. Further, the school requires students to take USMLE exams at particular points in the curriculum to demonstrate readiness for the next step of training. Passing Step 1 is a matter of patient safety. Due to the essential role Step 1 plays in the UTSW curriculum, failing to sit for Step 1 by the deadline or return a passing score on Step 1 within one year of the end of the test preparation period results in possible academic dismissal. Delaying Step 1 "results in a gap in time between the didactic, preclerkship phase and the patient rotations in the clerkship phase." UTSW imposed the one-year deadline in part to ensure that students draw on their preclerkship education during the clerkship phase. In addition, experience of UTSW administrators has shown that students who take longer to sit for Step 1 are less likely to pass the exam and graduate from medical school. In addition, the declaration of Dr. Kim Barker, a professor at UTSW and Chair of the Academic Accommodations Advisory Committee, states that she is not aware of UTSW ever granting a

medical student more than one year from the end of the test preparation period to return a passing score on Step 1 as a disability-related accommodation.

Plaintiff relies on the *Shaikh* case to show she is entitled to injunctive relief. That case involved a Texas A&M medical student who did not pass or retake the Step 1 exam by the school's deadline. The school gave him the option of being dismissed from the program or withdrawing; he withdrew and sued the school under the ADA and the Rehabilitation Act. 239 Fed. App'x at 215, 215–16. The school moved to dismiss under Rule 12(b)(6). The Fifth Circuit found that the plaintiff plausibly alleged that he satisfied the school's essential requirements. *Id.* at 221. Nothing on the face of his pleading established that passing or retaking the Step 1 exam by the end of his leave of absence was an essential requirement of the program. *Id.* The procedural posture of this case is different, and Plaintiff must prove she is entitled to the extraordinary remedy of injunctive relief. At this stage of the proceedings, the Court concludes that the Step 1 deadline is an essential requirement of UTSW's program and that it has reasonably accommodated Plaintiff by extending her deadline beyond the one-year limit, from March of 2020 to July of 2021. Similarly, Plaintiff's request to retake her second year of coursework, which she passed the first time around, alters the essential requirements of the UTSW program and is not a reasonable accommodation.

In addition, UTSW has imposed the curriculum requirements at issue here with patient safety in mind to ensure that students can demonstrate readiness for the clerkship phase of training and the school can advance qualified students toward the independent and competent practice of medicine. Given the reasoning behind the one-year deadline, the Court also concludes Plaintiff has not established the fourth element of injunctive relief, that the grant of injunctive relief will not disserve the public interest.

The Rehabilitation Act has a stricter causation element than the ADA. *See Pinkerton v. Spellings*, 529 F.3d 513, 516–19 (5th Cir. 2008). Because Plaintiff cannot maintain an ADA claim, she is also unable to meet the elements of a Rehabilitation Act claim. Plaintiff's request for a TRO and/or a preliminary injunction fails. The Court denies Plaintiff's motion.

**SO ORDERED;** signed August 3, 2021.

Ada Brown
UNITED STATES DISTRICT JUDGE